BROWN, C.J.,
dissenting.
On June 23, 2003, the Bqard issued notice that a meeting was to take place seven days later on June 30, 2003, and that among the “items to be considered” was a “Request for Hearing — Kevin P. Miles.” The notice was posted and was mailed to the City. The Board consist of five mem *1243 bers, three of which are appointed by the City and two elected by the members of the police and fire departments. Although the notice was not timely under La. R.S. 33:2561, it is difficult to see the harm. The only issue presented is one of good faith and for legal cause.
La. R.S. 33:2561(E) provides:
Any employee under classified service and any appointing authority may appeal from any decision of the board or from any action taken by the board under the provisions of this Part which is prejudicial to the employee or appointing authority.... This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part or to whether a board member should have or failed to recuse himself in accordance with Subsection D of this Section. No appeal to the court shall be taken except upon these grounds. (Emphasis added).
The City clearly knew of the meeting a week in advance and that the agenda included Miles’ request for a hearing. I agree with the district court’s decision that “[T]he issue of notice does not establish bad faith when the city was provided a seven day notice before the board hearing and did not appear to object or request a reset date.” (Emphasis added).